# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:15-CV-617-FDW-DCK

| | |
|---|---|
| TARA OSBORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CUTTING EDGE PIZZA, LLC, d/b/a | ) |
| LITTLE CAESARS; LITTLE CAESAR | ) |
| ENTERPRISES, INC. d/b/a LITTLE | ) |
| CAESARS; ANDRE PAIGE; and PHILLIP | ) |
| NORRIS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Fed.R.Civ.P. 26(c) and Connecticut General Statute § 31-128(f), and in order to protect the parties from disclosure of proprietary or confidential information, the undersigned hereby stipulate and agree to this Consent Confidentiality and Protective Order (the "Stipulation") and agree that a protective order may be entered, as set forth herein.

In the course of this action, Plaintiff may request production of documents and information contained in personnel records concerning current and/or former employees of Defendant or Defendant may use such documents and information in its defense. Portions of such documents and information are protected from disclosure under Connecticut General Statute § 31-128(f) absent a lawfully issued judicial order or subpoena. The parties have an interest in limiting disclosure of the records and information for any purposes other than the litigation process of this case. The parties shall be obligated to designate only documents or information which they believe in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil

Procedure. Moreover, the parties shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

IT IS HEREBY ORDERED that:

1. Documents produced and testimony given in this case shall be used solely for purposes of the preparation and trial of this litigation, mediation and any related appellate proceeding and for no other purpose.

2. This Stipulation applies to the parties to this action and to any non-parties who provide documents and/or information to any party voluntarily or pursuant to a formal demand or request for discovery in this action.

Each party may segregate and identify documents and things produced by it, and answers to interrogatories and responses to other discovery demands as "Confidential" to the extent that such party believes such documents, things, answers and responses contain confidential information, including, but not limited to, trade secrets, confidential or proprietary business plans, forecasts or data; confidential or proprietary financial plans, forecasts or data; confidential or proprietary operational plans, forecasts or data; or sensitive commercial, financial, customer, or personal information; or if it is of a type deemed privileged or confidential by any state or federal statute or regulation. Documents that are protected from disclosure under Conn. Gen. Stat. § 31-128(f) may be produced pursuant to this Stipulation for Protective Order. All such documents shall be designated as "Confidential."

3. Material deemed or designated "Confidential" and any material obtained or derived therefrom (collectively, "Confidential Information") shall be inspected or used solely by:

(a) counsel for the parties to this litigation and persons in their employ who are assisting in the conduct of this litigation, including outside contractors;

(b) the parties to this litigation and the officers, directors, partners, principals and employees, whether past, present, or future, of such parties who are involved in the preparation of this action (collectively, "Party Representatives");

(c) experts retained to testify at trial, or consultants retained or engaged by a party in preparation for trial (collectively, "Consultants"), each of whom has signed an undertaking in the form of Exhibit A, as provided in paragraph 5 below;

(d) persons who prepared or who have previously received particular documents, provided that the inspection or use of Confidential Information by such persons is limited only to those documents prepared or previously received;

(e) insurers that provide or are requested to provide coverage for the claims asserted in this case, and their counsel;

(f) judicial officers and personnel (including stenographic reporters); and

(g) any other person who the parties jointly authorize to see Confidential Information, provided that each such person shall sign an undertaking in the form of Exhibit A, as provided in paragraph 5 below.

4. Prior to receipt of any Confidential Information, an expert, consultant or other authorized person shall sign an undertaking in the form of Exhibit A, which shall be retained by counsel for the party employing, or otherwise affiliated with, said expert, consultant or other authorized person for a period of five years after the conclusion of this litigation. Counsel receiving such a signed undertaking shall provide a copy thereof to all other counsel of record in this case. Confidential Information may be disclosed to an expert, consultant or Party Representative for the sole purpose of assisting counsel in the preparation of this case for trial and

to an expert's, consultant's or Party Representative's supporting and clerical personnel required to carry out functions assigned to them by any such consultant.

5. Confidential Information shall be designated as follows:

(a) In the case of documents copied and produced, each page shall be Bates-stamped and designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production, except that, with respect to any documents produced in this proceeding by either party to the other prior to the execution of this Stipulation, designation shall be made in writing addressed to counsel for the receiving party and identifying with particularity the document(s) the producing party has designated as Confidential Information. Documents may be produced for inspection and designated as "CONFIDENTIAL" without placing a legend on the document. If copying is requested of documents so designated, the copies shall bear the legend as set forth above.

(b) In the case of documents produced by non-parties pursuant to subpoena, a party wishing to designate such material as "Confidential" shall so notify counsel for all other parties, in writing, prior to the time specified in the subpoena for compliance. If the party wishing to designate such material as "Confidential" is the party who served the subpoena, then counsel for that party shall make such designation in the manner described in paragraph 6(a) above promptly upon receipt of the subpoenaed material, and shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including the material designated as "Confidential"). Counsel for any other party wishing to designate such material as "Confidential" shall be allowed to examine the subpoenaed material promptly upon receipt by counsel for the subpoenaing party, and shall be allowed to designate any such material as "Confidential" in the manner described in paragraph 6(a) above prior to the release of the subpoenaed material to any

person or party. Upon such designation, counsel for the subpoenaing party shall thereafter promptly provide counsel for all other parties with copies of the subpoenaed material (including that material designated as "Confidential").

(c) In the case of other Confidential Information, designation shall be made in a writing addressed to counsel for the receiving party and identifying with particularity the other Confidential Information, or portion thereof, that constitutes Confidential Information pursuant to the provisions of this Stipulation.

6. Counsel for any party or non-party may designate a deposition as "Confidential":

(a) at the deposition by making a statement of designation in the deposition, or

(b) within twenty (20) business days after receipt of a transcript of such testimony by faxing to counsel for each party a written list, by page and line, of the specific portions to which confidential status is claimed. All deposition testimony shall be treated as confidential until the expiration of twenty (20) business days after receipt of the transcript by counsel, regardless of whether a statement of designation of confidentiality has been made in the deposition.

7. Any party may subsequently challenge the designation of materials as confidential by seeking review of the Court at any time during the pendency, trial, or appeal of this action. The burden of proof in any such motion shall be on the producing party to justify the appropriateness of the designation of "Confidential." Material deemed or designated "Confidential" shall maintain that designation for all purposes unless and until the Court rules to the contrary and for ten (10) business days thereafter.

8. Confidential Information shall not be made public. If a party intends to submit or file with the Court any transcripts, depositions, exhibits, briefs, memoranda, affidavits, answers to

interrogatories, or any other documents or pleadings in connection with this action which contain Confidential Information, that party shall file such motion and materials under seal in accordance with Local Rule 6.1, referencing the protective order entered by the Court pursuant to this Stipulation.

9. If a Party Representative, expert or consultant in possession of Confidential Information receives a subpoena from a non-party to this Stipulation for Protective Order seeking production or other disclosure of Confidential Information, telephonic and written notice shall immediately be given to counsel for the party or non-party who produced the confidential materials, identifying the Confidential Information being sought, and arranging for transmission of a copy of the subpoena. Where possible, at least ten (10) business days' notice before production or other disclosure shall be given. In no event, absent court order, shall production or disclosure be made before notice is given. A party subpoenaed shall take all appropriate measures timely to advise any relevant tribunal of the terms of this Stipulation for Protective Order.

10. No copy of any transcript of any deposition taken by any party shall be prepared or furnished by the court reporter to any person other than counsel for the parties and the deponent and his counsel.

11. This Stipulation for Protective Order shall not prevent any party or non-party from applying to the Court for further or other protective orders or for modifications of this Stipulation for Protective Order, or from agreeing to modifications to this Stipulation for Protective Order. Any such agreed-to modifications shall be in writing, and signed by counsel on behalf of the parties, and by any interested non-party.

12. Within sixty (60) days of the final termination of this lawsuit, including all appeals, all persons subject to this Stipulation for Protective Order shall destroy all confidential documents

and all copies thereof, or return them to the producing party or non-party. A party's outside counsel may keep and not destroy documents incorporating or referring to Confidential Information which are inextricably intermingled with the work product of that party's counsel. The Confidential Information intermingled with or referred to in such documents, however, shall remain subject to the terms of this Stipulation for Protective Order.

13. Nothing herein shall restrict the right of a party or non-party producing Confidential Material to make use of such material as it deems appropriate. Nothing herein shall bar a party from the unrestricted use of any document obtained from public sources or available through public sources, or which that party lawfully possessed and was free to use without restriction before such information was provided to it in this action. The treatment of any document as confidential or as containing Confidential Information is intended solely to facilitate preparation for trial and shall not be construed as an admission that the document contains any trade secret or Confidential Information.

14. Nothing herein shall constitute

(a) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by court order;

(b) a waiver of any right to object to any discovery request in this or any other action except that, so long as this Stipulation is in effect, the parties may not object to a discovery request in this action on the grounds that such request seeks the production of sensitive or confidential business or personal information; or

(c) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

15. Any document not designated as Confidential Information shall not be subject to this Agreement provided, however, that inadvertent production of any document without designating such document as Confidential Information shall not itself be deemed a waiver of the producing party's claim of confidentiality as to such document, and the producing party may within thirty (30) days after discovery of the inadvertent production designate the same as Confidential Information. Disclosure by any party of such matter prior to notice by the producing party of the confidential nature thereof shall not be deemed a violation of this Agreement.

16. The ultimate disposition of Confidential Information will be subject to a final Order of the Court, upon completion of this litigation.

17. This Stipulation shall survive the termination of this litigation.

18. This Stipulation may be executed by each party separately.

This 18th day of July, 2016.

STIPULATED AND AGREED TO BY THEIR ATTORNEYS:

    s/ Jennifer D. Spyker
N.C.Bar No: 46048
Hunter Everage
1800 Camden Road, Suite 104
Charlotte, North Carolina 28203
Telephone: (704) 377-9157
Facsimile: (704) 377-9160
jspyker@hunter-everage.com
*Attorney for Plaintiff*

s/ Kyle R. Still
N.C. Bar No. 37073
Wyrick Robbins Yates & Ponton, LLP
4101 Lake Boone Trail, Suite 300
Raleigh, North Carolina 27607
Telephone: (919) 781-4000
Facsimile: (919) 781-4865
kstill@wyrick.com

s/ Mary E.R. Bartholic
Cohn Birnbaum & Shea P.C.
100 Pearl Street
Hartford, Connecticut 06103
Telephone: (860) 493-2200
Facsimile: (860) 727-036l
mbartholic@cb-shea.com

*Attorneys for Defendants*

SO ORDERED.

Signed: July 25, 2016

David C. Keesler
United States Magistrate Judge

EXHIBIT A

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-cv-617-FDW-DSC

| | |
|---|---|
| TARA OSBORNE | : |
| | : |
| Plaintiff | : |
| | : |
| vs. | : |
| | : |
| CUTTING EDGE PIZZA, LLC, et al. | : |
| | : |
| Defendants | : |

DECLARATION OF _____

I, _____, being duly sworn, state that:

1. My address is _____.

2. I received a copy of the attached Consent Confidentiality and Protective Order in this case on _____.

3. I have read carefully and understand the provisions of the Consent Confidentiality and Protective Order and have had an opportunity to discuss it with counsel. I will comply with all provisions of the Consent Confidentiality and Protective Order.

4. I will use documents produced and testimony given in this case solely for purposes of preparation and trial of this litigation and any related appellate proceeding and no other purpose.

5. I will hold in confidence and not disclose to anyone not qualified under the Consent Confidentiality and Protective Order any material deemed or designated "Confidential" as those terms are defined in the Consent Confidentiality and Protective Order. I shall further assure that

any and all of my supporting and clerical personnel comply with the provisions of the Consent Confidentiality and Protective Order and with the obligations as agreed to by me in this undertaking. I understand that violation of the Consent Confidentiality and Protective Order may subject me to punishment for contempt of Court.

6. I undertake that I will not refer to or rely on any Confidential Information in any future engagement, employment, or other circumstances without the express written consent of the party of non-party which made the designation.

7. Within sixty (60) days of the termination of this litigation, I will return all confidential material and all copies thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the State of North Carolina that the foregoing is true and correct, except for those matters stated upon information and belief and, as to those, I believe them to be true.

Signed at _____, Charlotte, North Carolina on _____, 201_.

_____    _____
Signature of Declarant            Print or Type Name of Declarant